**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **RENAI CORSON,** | : | No. 1:25cv622 |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | **(Chief Magistrate Judge Bloom)** |
| **JASON KLEESE,** | : | |
| **Defendant** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## ORDER

Pending before the court is the Report and Recommendation ("R&R") of

Chief Magistrate Judge Daryl F. Bloom recommending that Plaintiff Renai

Corson's *pro se* complaint be dismissed for failure to state a claim after a

preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 4). No

objections to the R&R have been filed and the time for such filing has passed.

In deciding whether to adopt an R&R when no timely objection is filed, the

court must determine if a review of the record evidences plain error or manifest

injustice. FED. R. CIV. P. 72(b), 1983 Advisory Committee Notes ("When no timely

objection is filed, the court need only satisfy itself that there is no clear error on

the face of the record to accept the recommendation"); see also 28 U.S.C. §

636(b)(1); Sullivan v. Cuyler, 723 F.2d 1077, 1085 (3d Cir. 1983).

After review, the court finds neither plain error nor manifest injustice on the

face of the record. Corson's complaint alleges that Defendant Jason Kleese is

the "codes officer" of the Borough of Middletown, Dauphin County, Pennsylvania.[1] (Doc. 1).  Per Corson, the defendant "allowed a fence to be put on [plaintiff's] property." (Id.)  She alleges:

> Mr. Kleese allowed the movement of property lines and a fence installed on my property.  He allowed the fence company to place it on my property.  I have videos + pics of where boundaries are and you can see the fence is over further than property line.  I was also told by the police they have a 6" rule that it can't be placed on property.  After reviewing that it seems to have changed.
>
> § 260-153 Fences + walls [sic]

(Id.)

The complaint does not aver any other facts.  Corson, however, attaches several exhibits, including a document entitled "Middletown Borough Fence FAQs" which contains an explanation of certain provisions of the above-cited municipal ordinance.  (Doc. 1-2).  Corson's complaint also attaches three (3) photographs. (Id.)  In one photograph, Corson depicts an 8" gap between a fence and a post that she describes as her yard marker. (Id.)  Regarding her prayer for relief in this action, Corson requests removal of the fence from her property. (Id. at 2).

---

[1] At this stage of the proceedings, the court must accept all factual allegations in the plaintiff's pleadings as true.  Phillips v. Cnty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)(citations omitted).  The court makes no determination, however, as to the ultimate veracity of these assertions.

The R&R highlights several issues with Corson's complaint. (Doc. 4 at 5-7). First, Corson's complaint contains no references to any alleged constitutional violations, nor does it indicate that the defendant is violating some right conferred upon the plaintiff by federal statute.[2] Consequently, it is unclear whether the court would have federal question jurisdiction over the claim alleged. See 28 U.S.C. § 1331.

Second, the only provision referenced in the complaint is an ostensible violation of the Middletown Borough Code. To the extent that Corson asserts any state law claims, the R&R notes jurisdictional issues. The federal diversity jurisdiction statute requires that the matter in controversy exceed the sum or value of $75,000 and be between citizens of different states. 28 U.S.C. § 1332(a)(1). Corson's complaint fails to indicate facts meeting the amount-in-controversy requirement. The plaintiff and the defendant are also both alleged to be citizens of the Commonwealth of Pennsylvania. Chief Magistrate Judge Bloom identifies two different reasons why plaintiff's complaint fails to state a claim. Thus, the R&R will be adopted. Corson's complaint will be dismissed.

---

[2] Corson utilizes a form complaint. The form complaint contains a section where a plaintiff may fill in a blank to state the constitutional right or statutory provision forming the basis of the action. Corson did not fill in this blank.

Chief Magistrate Judge Bloom further recommends that plaintiff be granted leave to file an amended complaint.   The court will adopt this recommendation but with a caveat, based on the following reasons.

The Third Circuit Court of Appeals has advised that, in civil rights cases, "if a complaint is vulnerable to 12(b)(6) dismissal, a district court must permit a curative amendment, unless an amendment would be inequitable or futile." Phillips, 515 F.3d at 236 (citations omitted); see also Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251–53 (3d Cir. 2007) (discussing the "amendment rule" as applied to civil rights and non-civil rights cases).  As noted above, it is not clear from the face of the complaint that this is a federal civil rights action.  Rather, it is equally possible that the plaintiff attempted to appeal an adverse decision from a local code enforcement officer to federal court.  Such an appeal is improper.  Federal courts are not conferred jurisdiction to hear municipal code enforcement appeals.

For the sake of a futility analysis, however, the court will assume that Corson intended to assert a claim against the defendant for violation of her federal constitutional rights pursuant to 42 U.S.C. § 1983.  To establish a claim under Section 1983, two criteria must be met.  First, the conduct complained of must have been committed by a person acting under color of state law. Sameric Corp. of Del., Inc. v. City of Phila., 142 F.3d 582, 590 (3d Cir. 1998). Second, the

conduct must deprive the plaintiff of rights secured under the Constitution or federal law. Id.  The complaint permits an inference that the defendant acted under color of state law as a borough code enforcement officer.  Nonetheless, from those same facts, Corson does not portray a situation where she will be able to allege a plausible Section 1983 claim.

The complaint alleges that the defendant, a municipal code enforcement officer, "allowed" a fence to be constructed on the plaintiff's property and that a municipal ordinance was violated.  The complaint thus alleges an issue with municipal code enforcement.  Those allegations trigger consideration of at least two provisions in the United States Constitution, the Fifth Amendment and the Fourteenth Amendment.  The Fifth Amendment prohibits the taking of private property for public use without just compensation.  See U.S. CONST. AMEND V ("…nor shall private property be taken for public use, without just compensation.).  Corson has not alleged a situation where the government has taken her property for public use.  The situation portrayed in Corson's complaint is thus more suited for a Fourteenth Amendment analysis.

The Fourteenth Amendment provides that "[n]o State shall ... deprive any person of life, liberty, or property, without due process of law[.]" U.S. CONST. AMEND XIV, § 1.  The Due Process Clause contains a substantive component "that bars certain arbitrary, wrongful government actions 'regardless of the

fairness of the procedures used to implement them.' " <u>Zinermon v. Burch</u>, 494 U.S. 113, 125 (1990)(quoting <u>Daniels v. Williams</u>, 474 U.S. 327, 331 (1986)). Non-legislative action, such as the type alleged here, only violates substantive due process when it shocks the conscience. <u>United Artists Theatre Cir., Inc. v. Twp. of Warrington, PA</u>, 316 F.3d 392, 399–400 (3d Cir. 2003). This test "is designed to avoid converting federal courts into super zoning tribunals[,]" and "[w]hat shocks the conscience is only the most egregious official conduct." <u>Eichenlaub v. Twp. of Indiana</u>, 385 F.3d 274, 285 (3d Cir. 2004)(internal quotation marks and citation omitted).

In this case, Corson alleges that the defendant "allowed" a fence to be constructed on the plaintiff's side of a property line. There are no allegations that the defendant is directly responsible for the infringement upon the plaintiff's real property rights. Rather, Corson alleges that a fence company constructed the fence. She does not, however, indicate that this fence company constructed the fence at the direction of the defendant or the Borough of Middletown. Rather, the only possible inference from these facts is that a neighboring property owner constructed the fence, and the defendant did not do anything to redress the plaintiff's issue as a code enforcement officer. A substantive due process claim thus appears futile. "Allowing" a fence to be constructed on the plaintiff's

property is not the same as ordering a fence to be constructed on the plaintiff's property.

The Due Process Clause of the Fourteenth Amendment also encompasses a guarantee of fair procedure, see Zinermon, 494 U.S. at 125, and protects the "opportunity to be heard 'at a meaningful time and in a meaningful manner[,]' " City of Los Angeles v. David, 538 U.S. 715, 717 (2003) (quoting Mathews v. Eldridge, 424 U.S. 319, 335 (1976)). "To state a claim under § 1983 for deprivation of procedural due process rights, a plaintiff must allege that (1) [she] was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to [her] did not provide 'due process of law.' " Hill v. Borough of Kutztown, 455 F.3d 225, 233–34 (3d Cir. 2006)(citation omitted).

Here, Corson can sufficiently allege a deprivation of an interest protected by the Fourteenth Amendment, her ownership of real property. Corson, however, has not alleged that the procedures available to her did not provide her with due process of law. Plaintiff has asserted a violation of a borough ordinance, BOROUGH OF MIDDLETOWN, PA., CODE § 260-153.[3] That ordinance provides, in part, that: "All fences and walls shall be located and constructed so

---

[3] Middletown's Borough Code is available at https://ecode360.com/MI1063/home (last accessed April 28, 2025).

that no portion of the structure extends beyond the property line." BOROUGH OF MIDDLETOWN, PA., CODE § 260-153C.  This section is enacted within the Borough of Middletown's zoning ordinance.  That same zoning ordinance creates a municipal Zoning Hearing Board, which hears appeals of any decision of the borough's zoning officer, which would encompass the issuance of any cease-and-desist order. BOROUGH OF MIDDLETOWN, PA., CODE § 260-233E(5).  Appeals from the Zoning Hearing Board may be made to the Dauphin County Court of Common Pleas. BOROUGH OF MIDDLETOWN, PA., CODE § 260-233I.

Corson, however, has asserted that the defendant is a code enforcement officer, which places this case into the realm of an alleged code violation. Middletown's borough ordinances establish a Code Hearing Board, which hears appeals from determinations of a code enforcement officer. BOROUGH OF MIDDLETOWN, PA., CODE §§ 127-16, 127-17.  A person aggrieved by a decision of the Code Hearing Board may appeal such an order or decision to the Court of Common Pleas. BOROUGH OF MIDDLETOWN, PA., CODE § 127-20.

Although Corson seeks removal of the fence, she does not allege that she availed herself of the above processes at the municipal level or in state court to obtain that relief.  She also does not allege that the above legal mechanisms failed to provide procedural due process.  From the present allegations, the court cannot even infer that she attempted to resolve her issues at the local level other

8

than speaking to the police.  Consequently, any procedural due process claim appears futile.

Under the situation alleged, amendment is unlikely to cure the above-referenced deficiencies.  Nonetheless, because the plaintiff is *pro se* and this is her first attempt at trying to plead a plausible claim, the court cannot state with absolute certainty that amendment would be futile.  The dismissal of Corson's complaint will be without prejudice so that plaintiff may file an amended complaint.  Corson will be provided with thirty (30) days to file an amended complaint if she so chooses.  If she does not file an amended complaint within that timeframe, the dismissal of the complaint will convert to a dismissal with prejudice without further order of court.

Thus, for the reasons set forth above, it is hereby **ORDERED** that:

1) The R&R (Doc. 4) is **ADOPTED**;

2) Plaintiff's complaint (Doc. 1) is **DISMISSED** for failure to state a claim;

3) The dismissal of the complaint is without prejudice to the plaintiff filing an amended complaint addressing the deficiencies addressed in the R&R and in this order;

4) Plaintiff may file an amended complaint within thirty (30) days of the date of this order;

5) Should plaintiff not file an amended complaint within this timeframe, this action will be dismissed with prejudice without further order of court; and

6) The Clerk of Court is directed to close this case pending the filing of any amended complaint.

BY THE COURT:

Date: 4/29/25

_____

JUDGE JULIA K. MUNLEY
United States District Court